UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian James Huffstickle, | ) C/A No. 0:07-81-MJP-JRM |
|                          Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Clayton Mobile Homes; and | ) |
| Clayton Mobile Homes, Lancaster, S.C.; and | ) |
| Bob Sturgill, Clayton Mobile Homes, Lancaster, S.C., | ) |
|                         Defendant(s). | ) |

_____

Plaintiff has filed this suit against Clayton Mobile Homes [which is apparently a Tennessee Corporation], Clayton Mobile Homes in Lancaster, S.C., and Bob Sturgill, an employee of Clayton Mobile Homes in Lancaster, S.C.. The plaintiff does not state so directly, but he seems to bring his claims to this Court pursuant to 28 U.S.C. § 1332(a), which is commonly referred to as the "diversity statute".

Plaintiff alleges Clayton Mobile Homes failed to properly assemble his house, resulting in rapid mold growth. He seeks damages for the repair of his home, and damages for personal injury to himself and his family which he alleges have resulted from the mold infestation.

Plaintiff has also filed a motion for preliminary injunction. He asks the Court to order Clayton Mobile Homes in Lancaster, S.C., to cover all family living expenses, which plaintiff sets out in an attachment to his motion. In addition, he asks this court to enjoin Vanderbilt Mortgage (Vanderbilt) in Tennessee from foreclosing on his home. Plaintiff alleges

Vanderbilt is owned by Clayton. He has not named Vanderbilt as a party to this action.

Plaintiff placed his wife's name in the caption of the complaint, however, her signature does not appear on the complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Any state law causes of action arising in tort would be cognizable in this court under the diversity statute, Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, (4th Cir., November 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).

Statutes conferring federal diversity jurisdiction are to be strictly construed. *See* Janzen v. Goos, 302 F.2d 421, 423 (8th Cir. 1962). Furthermore, the plaintiff bears the burden of establishing diversity jurisdiction by competent proof and by a preponderance of the evidence. Id. @ 424-5.

This court has no diversity jurisdiction because Clayton Mobile Homes in Lancaster, South Carolina, and Bob Sturgill, are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking. The plaintiff is not without a forum: he may file suit in a state Court of Common Pleas.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

It is further recommended that the plaintiff's motion for a preliminary injunction be denied.

                                                     s/Joseph R. McCrorey
                                                     United States Magistrate Judge

Columbia, South Carolina
January 17, 2007

***The plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).